## NATIONAL LABOR RELATIONS BOARD v. METALLIC BLDG. CO.

### No. 14375.

United States Court of Appeals Fifth Circuit.

May 29, 1953.

Elmer P. Davis, Chief Law Officer, Fort Worth, Tex., A. Norman Somers, Assistant General Counsel, David P. Findling, Associate General Counsel, George J. Bott, General Counsel, Norton J. Come and Henry Rose, Attorneys, National Labor Relations Board, all of Washington, D. C., for petitioner.

Fritz Lyne and Lyne, Wendover & Blanchette, all of Dallas, Tex., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Upon a complaint charging, and a record fully supporting the findings of examiner and board, that the respondent, in violation of Sec. 8(a)(3) of the Act, 29 U.S.C.A. § 158(a)(3), had discriminatorily discharged two of its employees for union activities, and, in violation of Sec. 8(a)(1) thereof had interfered with, restrained and coerced its employees, the board is here seeking enforcement of its remedial order [1] entered on such findings.

The respondent, not at all denying that the facts are as found by examiner and board, resists enforcement on the ground that the facts found do not in law support the conclusion that respondent by discharging the two employees because of their membership and activities in behalf of Houston Metal Trades Council AFL, a labor organization, violated Sec. 8(a) (3) of the Act.

In thus centering its attack upon the order as though it rested entirely upon the findings of examiner and board, that Sec. 8(a)(3) of the Act was violated by the discharges, respondent completely ignores, the findings and conclusions that respondent interfered with, restrained and coerced its employees in violation of Sec. 8(a)(1) of the Act by interrogating its employees as to their union activities, and Sec. 1(b) of the order requiring it to cease and desist therefrom. The result of this ignoring is that that portion of the order comes here uncontested and unopposed and must be enforced as written.

As to the findings and conclusions that the respondent, by discharging the two employees, violated Sec. 8(a)(3) of the Act, Respondent insists that it could not in law have been guilty of violating that section because: (1) its sole purpose and function is to prevent an employer from encouraging or discouraging membership in a labor organization; (2) Houston Metal Trades Council [2] is not a labor organization; and (3) if it is such, it is one which the dischargees were ineligible to join, and in law their discharges could not have had the

---

1. "Upon the entire record in the case, and pursuant to Sec. 10(c) of the National Labor Relations Act, as amended [29 U.S.C.A. § 160(c)], the National Labor Relations Board hereby orders that the Respondent, Metallic Building Company, Houston, Texas, and its officers, agents, successors, and assigns shall:

"1. Cease and desist from:

"(a) Discouraging membership in Houston Metal Trades Council, AFL, or in any other labor organization of its employees, by discriminatorily discharging, refusing to reinstate, or by discriminating in any other manner in regard to their hire or tenure of employment, or any term or condition of employment, except to the extent permitted by Sec. 8(a) (3) of the Act, and

"(b) Interrogating its employees concerning their union affiliations, activities, or sympathies, or in any other manner interfering with, restraining, or coercing its employees in the exercise of their right to self-organization, to form labor organizations, to join or assist Houston Metal Trades Council, AFL, or any other labor organization, to bargain collectively through representatives of their own choosing, and to engage in concerted activities, for the purpose of collective bargaining or other mutual aid or protection,

or to refrain from any or all such activities, * * *".

2. Reinstate and make whole the two discharged employees.

2. As to it, Mr. Waller Wells, Secretary of the Council, testified concerning its organization, constitution, purposes, practices, etc. substantially as follows:

That it was composed of affiliated correlated crafts of the Metal Trades Department of the American Federation of Labor and kindred organizations affiliated with the American Federation of Labor. At the time of the hearing, these were the constituent member unions: (1) boilermakers, (2) pipe fitters, (3) electricians, (4) carpenters, (5) sheet metal workers, (6) three locals of operating engineers, (7) teamsters, (8) hod-carriers and common laborers, (9) painters, and (10) sign and pictorial painters. Each of these member unions elects or appoints delegates to the Council. No individual union member belongs to the Council. Employees of a plant in the Houston area may belong to the particular local union of his craft, which in turn sends representatives to the council. Among its other functions the council acts as bargaining agent in the collective negotiations for its member unions

purpose or effect of discouraging membership in it.

Stated in short, respondent's contention is that, since, as is admittedly the case, individual employees cannot become members of the Council, the discharges complained of could not, as charged in the complaint, have been for the purpose or have had the effect of discouraging membership in it.

The board meets these contentions head on. Insisting that the Houston Metal Trades Council is a labor organization as that term is defined in the Act,[3] it supports the insistence with the citation of many board decisions.[4]

Insisting, too, that the discharges in this case came within both the letter and the spirit of the act, the board urges upon us that respondent's contention that since the dischargees were not eligible to membership in the council but only to membership in the union, the delegates from which made up the council membership, there could be no violation of the Act, sticks in the bark, is without reality and substance.

■ We agree with the Board. Drawn to deal substantially with substantial things, the National Labor Relations Act has been from the beginning, it must continue to be, consistently with its avowed purpose and the language employed in the Act, broadly construed and as broadly given effect to cope with and prevent the mis-

chiefs it was designed to meet and do away with.

Shadow boxing with words, including dialectical hair splitting, the tithing of mint, anise and cumin, and the division of a mustard seed, to reach a formal, a technical result, has therefore no proper place, and may not be employed, in construing and applying it.

■ We, therefore, reject as completely untenable, as indeed without weight and substance, respondent's contention that the discharges made, as on this record they concededly were, for the purpose of discouraging the dischargees from acting with Houston Metal Trades Council to form a union which would be affiliated with the council and send delegates to it, were not within the mischiefs aimed at by Sec. 8 (a)(3).

In reaching this conclusion we have not been unmindful of the two decisions, the one from the Third,[5] the other from the Eighth,[6] Circuit, on which respondent relies. Neither of these cases, in our opinion, supports respondent's position, indeed we think neither is in point. But if we are wrong in this view and these cases do, either in what is decided or in what is said arguendo, furnish support for the contention respondent makes, to the extent that they do we must withhold our approval of them.

and for others seeking union recognition. In the present case it had filed a petition with the Board for a representation election in the Respondent's plant, which, however, was withdrawn when the charges of unfair labor practices were filed.

3. "Sec. 2. When used in this Act—
   *    *    *    *    *
   "(5) The term 'labor organization' means any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work." 29 U.S.C.A. § 152.

4. 87 NLRB No. 136; Lumber and Sawmill Workers Union et al (Santa Ana Lumber Co.) 87 NLRB No. 135; NLRB No. 45; NLRB No. 76.
   "Contrary to the Respondent's contention, we agree with the Trial Examiner's finding that Houston Metal Trades Council, AFL, is a labor organization within the meaning of Sec. 2(5) of the Act. In addition to the cases cited by the Trial Examiner, see Olin Industries, Winchester Repeating Arms Co. v. Division, 85 NLRB 396; Dun and Bradstreet, Inc., 80 NLRB 56; J. S. Abercrombie Co., 83 NLRB 524." (From Decision & Order of the Board in this case).

5. NLRB v. Reliable Newspaper Delivery, Inc., 3 Cir., 187 F.2d 547.

6. NLRB v. Del E. Webb Construction Co., 8 Cir., 196 F.2d 702.

The petition for enforcement of the board's order is therefore granted and an appropriate decree may be presented for entry.

Petition granted. Order enforced.