**SOUTHEAST LOUISIANA BUILDING AND CONSTRUCTION TRADES COUNCIL (formerly Building and Construction Trades Council of Greater New Orleans)**

v.

**SCHEYD, BRENNAN, INC. and Hammond Construction, Inc.**

Civ. A. No. 71-227.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Sept. 28, 1971.

Victor H. Hess, Jr., of Jackson & Hess, New Orleans, La., for plaintiff.

James C. Murphy, Jr., of Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, La., for defendants.

CHRISTENBERRY, District Judge.

Defendants have brought this rule 12(b) motion to dismiss on the grounds that this court does not have jurisdiction over the subject matter because plaintiff Southeast Louisiana Building and Construction Trades Council is not a "labor organization" within the meaning of § 2(5) of the Labor-Management Relations Act, 1947 (Taft-Hartley Act), 29 U.S.C. § 152(5) (1964).[1]

---

1. The defendants also moved for dismissal on the basis that the petition failed to allege that the agreement sued upon involved an industry affecting commerce.

Southeast Louisiana Building and Construction Trades Council (hereinafter called the Council) is an unincorporated association consisting of twenty-eight local unions in the New Orleans area. Through the representatives of the local unions, the Council acts in matters of common interest to the individuals who belong to the member locals. In addition, the Council is financially supported by the local unions and this cost is passed on to the individual union members.

From the affidavits made by the president and executive secretary of the Council, it appears that a primary undertaking of plaintiff is to negotiate periodically collective bargaining agreements, known as "Master Agreements," with the New Orleans Chapter of the Associated General Contractors and other contractors. It is for the alleged violation of such an agreement that plaintiff brought this suit. The jurisdictional basis for the suit is § 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a), which states:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

As stated above, it is defendants' contention that the Council is not a labor organization, and, therefore, does not have the prerequisite status to invoke 29 U.S.C. § 185(a). The term "labor organization" is defined in 29 U.S.C. § 152(5) to mean:

"* * * any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work."

The gist of defendants' argument is that the Council cannot be a labor organization for want of employee participation; that because the Council is composed of various craft unions, instead of being only one craft union, it must be denied access to federal court when a labor agreement to which it is a party is breached. This argument, however, fails to appreciate the organizational structure of the Council which is evident from plaintiff's Constitution and By-laws, a copy of which is a part of the record. The number of delegates allotted to each local union belonging to the Council is determined by an individual union's number of members.[2] In addi-

---

Accordingly, plaintiff subsequently amended its petition, stating that "[d]efendants are both industries affecting commerce within the meaning of 29 U.S.C. 145 [*sic*]." The statute cited should have been Title 29 U.S.C. § 185(a).

2. Article III, section 3 of the Council's Constitution provides in part:

Representation in this Council from local unions shall be as follows:

| Less than— | | 400 members | | | 2 delegates | |
|---|---|---|---|---|---|---|
| 400 | — | members or more | | | 4 | " |
| 800 | — | " | " | " | 6 | " |
| 1,200 | — | " | " | " | 8 | " |
| 2,500 | — | " | " | " | 10 | " |
| 5,000 | — | " | " | " | 12 | " |
| 7,500 | — | " | " | " | 14 | " |
| 12.500 | — | " | " | " | 18 | " |

Plus one additional delegate for each 2,500 members over 12,500.

tion, the Council's Constitution provides that "[d]elegates to this Council shall consist of duly elected or appointed members in good standing in their Local Unions for a period of not less than two (2) years." (Article III, section 4.)

 Since the case of N.L.R.B. v. Metallic Building Co., 204 F.2d 826 (5th Cir. 1953), cert. denied, 347 U.S. 911, 74 S.Ct. 473, 98 L.Ed. 1068 (1954), trades councils have been considered labor organizations in the Fifth Circuit. The fact that employee representation and employee participation is less direct in a trades council than in a single-craft union is an unsound and unwarranted ground for arguing that a trades council, such as plaintiff, is not a labor organization. In *Metallic Building Co., supra,* the Court of Appeals was called on to interpret the term "labor organization" in a suit brought under § 8(a) (3) of the Taft-Hartley Act, 29 U.S.C. § 158(a) (3) (1964). This section condemns as an unfair labor practice any coercive action of an employer which encourages or discourages membership in any labor organization. The N.L.R.B. found that the defendant, Metallic Building Co., had unlawfully discharged two employees for their membership and activities in Houston Metal Trades Council. The defendant agreed with the Board on the facts but argued that a trades council was not a labor organization. Sustaining the Board's interpretation of "labor organization," the court stated:

"We agree with the Board. Drawn to deal substantially with substantial things, the National Labor Relations Act has been from the beginning, it must continue to be, consistently with its avowed purpose and the language employed in the Act, broadly construed and as broadly given effect to cope with and prevent the mischiefs it was designed to meet and do away with.

"Shadow boxing with words, including dialectical hair splitting, the tithing of mint, anise and cumin, and the division of a mustard seed, to reach a formal, a technical result, has therefore no proper place, and may not be employed, in construing and applying it."

204 F.2d at 828. Although the present case is brought under 29 U.S.C. § 185(a), whereas *Metallic Building Co., supra,* involved 29 U.S.C. § 158(a) (3), there is no reason to treat the term "labor organization" differently as between these sections. Similarly, there is inadequate reason to treat the term differently in any situation, *i. e.,* the scope of "labor organization" should always include trades councils where employees are represented and where employees participate, directly or indirectly.

The two contrary cases cited by defendants are distinguishable and not controlling on this court. In Alpert v. Local 271, International Hod Carriers, 198 F.Supp. 395 (D.R.I.1961), the court concluded that "the evidence is insufficient to warrant a finding that there is reasonable cause to believe that the Council is a labor organization within the meaning of [the] Act * * *." 198 F.Supp. at 399. The conclusion was predicated, *inter alia,* on a finding that the trades council for some time had not "dealt with employers in any way concerning grievances, labor disputes, wages, rates of pay, etc." In the present case, however, the Council's dealings with the employers and representation of the member employees is apparent from the fact that the Council commenced this litigation on the alleged ground that the employers had violated the Master Agreement.

The second case cited in support of the motion to dismiss is Local 895, United Brotherhood of Carpenters, AFL–CIO, 186 N.L.R.B. No. 29, 5 CCH Lab. L.Rep. ¶ 22,390 (Oct. 28, 1970). In this case, involving an alleged violation of 29 U.S.C. § 158(b) by two trades councils, the Board ruled that the councils were not labor organizations. However, because § 158(b) applies to labor organizations "or its agents" the trades councils were deemed to be general agents for the member unions. The re-

sult was the same as if the labor organization label had been applied, but the different approach gave rise to the false hopes of defendants in this case. Had the agency provision not been included in § 158(b), it is difficult to assume that the Board would have deviated from the accepted definition of labor organization. The fact that the Board acted in one case to exclude trades councils from the scope of 28 U.S.C. § 152(5), but did so without a full discussion of the implications of such a ruling cannot be deemed so significant as to require this court to follow that ruling and thereby ignore the longstanding interpretation of § 152(5) in this circuit.

In conclusion, there is reasonable cause to believe that the council is a labor organization as defined by § 152(5) and therefore jurisdiction will be taken. For these reasons the defendants' motion to dismiss should be and it is hereby denied.